REINOLD SCHNEIDER, RESPONDENT, v. BENJ. B. M. LANE AND OTHERS, APPELLANTS.

*False Imprisonment—Corporation Ordinance—Powers of Metropolitan Police Board.*

When the Defendant justifies the keeping in custody the Plaintiff from evening until the morning, under that rule of the Metropolitan Police Board which authorizes the detaining of persons charged with the commission of felonies and misdemeanors, he must show that the alleged accusation was such as is denominated a felony or misdemeanor by law. The accusation that he had violated an ordinance of the Common Council of the city of Brooklyn is not sufficient.

*H. B. Hubbard* for Appellants.
*J. W. Gilbert* for Respondent.

DAVIES, CH.J.—The Plaintiff was arrested at about half-past five o'clock in the afternoon of the 21st day of February, 1861, by Jeremiah Clark, a policeman of the city of Brooklyn, for riding his horse on the sidewalk on 9th street, between 3d and 4th avenues, in the presence and view of the officer, and in violation of one of the ordinances adopted by the Common Council of said city of Brooklyn. The Defendant, Mr. Lane, was the captain, and the Defendant, Dufour, the sergeant of the Metropolitan Police force of the district in which such arrest was made, and, as such, had charge of the station-house in said district. Clark took the Plaintiff to the station-house, and handed him over to the custody of the Defendants, when he was locked up and detained until the next morning, when he was taken by officer Clark before a magistrate, and, upon a trial, he was convicted, and paid his fine, and was thereupon discharged.

The Plaintiff brought this action to recover damages for his alleged false imprisonment, and the jury rendered a verdict in his favor, and judgment thereon was affirmed at the General Term. The Defendants in their answer set up the breach of the city ordinance in presence and view of the officer, his arrest therefor, and commitment to them for safe-keeping, and claim the right,

as officers of the Metropolitan Police force, to detain him for hearing before the police magistrate. The city ordinance was produced and proved, and its violation by the Plaintiff, in the presence and view of the officer, was not controverted.

The provisions of the ordinance violated were in these words:

" § 11. No person shall drive, back, or lead any horse, or cart, or wheel-carriage, on the footpath or sidewalk of any street or avenue."

It did not clearly appear what the penalty prescribed by the ordinance for its violation was, and it does not otherwise appear than by the fact that a fine was enforced for such violation, upon the conviction of the offender. It may safely be assumed, therefore, that the penalty for the violation of the ordinance was of a pecuniary character solely. If otherwise, it was incumbent upon the Defendants to have shown it.

It appeared from the evidence of James H. Cornwall, who was at the time the police magistrate in Brooklyn, that the usual hours during which the police courts were open for the transaction of business at the City Hall in that city were from nine o'clock A.M. to four P.M. during each day. That the witness then resided within the city, at No. 101 Clermont avenue, and Justice Blatchley, another magistrate, resided one mile and a half nearer the station-house, where the prisoner was detained, than the witness. The witness also testified that he was in the habit of transacting business at the different station-houses. The Defendants put in evidence the following rules of the Police Board:

" General Rules, § 15. All persons who shall be arrested during the time the police courts are directed to be kept open shall be taken immediately to the police court in the police district to which the policeman who may make the arrest may be attached, and all persons arrested at any other time shall be conveyed in like manner to the police station-house of the policeman who may make the arrest.

" § 28. When a person accused of having committed a felony, or misdemeanor, is brought to the station-house, when the police

courts are not open, the officer on duty, to whom the complaint is made, is only to ascertain from the person preferring it that the act charged is a felony, or other offence for which a person can lawfully be detained, and that there is reasonable ground for the complaint against the party accused. He will then enter the name of the prisoner on the blotter, and cause him to be detained in the station-house until the next morning. He will also enter the name and address of the complainant and witnesses on the blotter, and take the necessary measures to insure their appearance before the magistrate in the morning.—Note to the rule: Captains, sergeants, policemen, or doormen, are not authorized by law to discharge any prisoner from custody.

" § 86. The captain in each precinct shall have the general charge and inspection of the police station-house and precinct to which he is detailed, and the sergeants who are in their regular order to have charge of the same will be held responsible for the cleanliness, general condition, and good order of said station-house and precinct.

" § 98. He shall cause to be entered in a book, to be kept at the station-house, the name at full length of every person detained by him, the time of his arrest, the offence with which he may be charged, the name and residence of the complainant, and the name of the officer or policeman who arrested said person."

It was in pursuance of the authority conferred upon the Defendants by these regulations that they sought to justify the detention and imprisonment of the Plaintiff. When the evidence closed, the Judge instructed the jury that the imprisonment of the Plaintiff was without legal authority, and the only question for them to determine was the amount of damages the Plaintiff should recover for the detention.

To this charge and instruction the Defendants' counsel excepted. There was another exception to the refusal of the Judge to charge as requested, and to a further charge made by him; but, in the view I take of this case, such exceptions need not be considered. If I am correct in the result at which I have arrived, in consider-

ing the exceptions already referred to, such result is decisive of the case at bar.

No question is made as to the power of the Metropolitan Police Board to make and ordain the regulations already referred to and quoted.

By the 28th section, a person accused of a felony, or misdemeanor, when the police courts are not open, is to be brought before the captain of the police, and, if he is satisfied that there is reasonable ground for the complaint, he may cause the party accused to be detained until the next morning, and it would be the duty of the sergeant of the police, having charge of the police station, to obey such order, and detain the party accordingly.

But it is to be observed that this authority is conferred only in the event that the party accused is charged with a felony or misdemeanor, and the captain shall be satisfied, upon inquiry, that there is reasonable ground for the charge. In no other event or contingency is the authority or detention to be exercised. Now, there is not a scintilla of evidence in this case that the Plaintiff had committed a felony or a misdemeanor, or that he was charged with having committed either. It appears the charge was that, in the presence and view of the complainant, Clark, he had violated an ordinance of the Common Council of Brooklyn, by riding his horse upon or across a sidewalk in that city. It nowhere appears, and we are not at liberty to assume, that this act was either a felony or misdemeanor. If it had been, it was essential to the Defendants to have availed themselves of the immunity and protection afforded by these regulations of the Metropolitan Police Board, and to have shown that the charge made against the Plaintiff was a felony or misdemeanor. They had no legal right or authority to detain the Plaintiff in the station-house upon any of the charges or complaints.

The charge of the Judge at the trial was clearly correct, and the judgment should be affirmed, with costs.

Judgment accordingly.