(88 Misc. Rep. 469)

## PEOPLE v. CHAPMAN.

(Onondaga County Court. December 19, 1914.)

1. MUNICIPAL CORPORATIONS ⬤⟿122—VIOLATIONS OF ORDINANCES—PROSECUTIONS—BURDEN OF PROOF.

In a prosecution for violating a village ordinance, it must be shown that all the formalities necessary to make the ordinance effective were complied with, for until publication as provided in the Village Law (Consol. Laws, c. 64) an ordinance is ineffective.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 281–289; Dec. Dig. ⬤⟿122.]

2. MUNICIPAL CORPORATIONS ⬤⟿110—ORDINANCES—PUBLICATION—PROOF.

Under General Village Law (Consol. Laws, c. 64) § 95, requiring publication of every ordinance in the official paper of the village and in other newspapers printed in the village once each week for two consecutive weeks, and posting in at least three public places in the village for at least ten days a printed copy thereof, proof that an ordinance was published in a newspaper in the village for at least 29 days, without proof that the newspaper was the official paper, or the only one in the village, or of the posting of copies in at least three public places, is insufficient, and the ordinance is invalid.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 239–244; Dec. Dig. ⬤⟿110.]

3. MUNICIPAL CORPORATIONS ⬤⟿703—STREETS—REGULATION OF SPEED OF MOTOR VEHICLES—VALIDITY.

Under Highway Law (Laws 1909, c. 30) § 288, as amended by Laws 1910, c. 374, providing that an ordinance regulating the speed of motor vehicles shall fix the punishment for violation thereof, which shall supersede those specified in section 290, subd. 2, declaring that the violation of any of the provisions of section 287 shall be a misdemeanor punishable by fine not exceeding $100, and section 290, subd. 9, providing that any person violating any of the provisions for which no punishment has been specified shall be guilty of a misdemeanor punishable by a fine not exceeding $25, a village ordinance regulating the speed of motor vehicles, and declaring that any one violating the same shall be guilty of a misdemeanor and punishable by a fine not exceeding $50, is illegal, because imposing an excessive fine, in violation of subdivision 9.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1509–1513; Dec. Dig. ⬤⟿703.]

Appeal from Justice Court.

Levis S. Chapman was convicted of violating an ordinance of the Village of Tully, and he appeals. Reversed, and fine remitted.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Newell, Chapman & Newell, of Syracuse, for appellant.
Cleveland J. Kenyon, of Tully, for respondent.

BODINE, Seneca County Judge. The defendant was convicted in police court in the village of Tully, N. Y., for violation of an alleged ordinance which forbade any person to operate a motor vehicle on the public streets at a speed exceeding one mile in four minutes, and which provided that any person who violated the same should be guilty of a misdemeanor and punishable by a fine of not exceeding $50. The ordinance further provided that before it became effective it should be filed in the office of the secretary of state, and punished in the Tully times, a newspaper published in said village, for the period of 30 days.

The defendant, in his affidavit, on which the appeal was granted, alleges 20 reasons why the judgment of conviction should be reversed, many of which raise very interesting questions, but only one, the eighth, questioning the validity and proof of the village ordinance, I deem it necessary to consider in determining this appeal.

[1, 2] The crime, if one was committed, being purely a statutory one, it was incumbent on the people to show that a legal ordinance had been duly adopted and that all the requirements pertaining to the enactment of village ordinances had been fully complied with. Section 288 of the Highway Law permits local authorities of cities and incorporated villages, other than cities of the first class, to limit by ordinance the speed of motor vehicles within certain prescribed limits. Section 95 of the General Village Law (Consol. Laws, c. 64) provides "when ordinances [are] to take effect," and is in the following language:

"Every ordinance * * * adopted or approved by the board of trustees of a village shall be entered in its minutes and published in the official paper of the village, and also in each other newspaper actually printed in the village, once each week for two consecutive weeks, and a printed copy thereof posted conspicuously in at least three public places in the village for at least ten days before the same shall take effect, and an affidavit of the publication and posting thereof shall be filed with the clerk."

Section 288 of the Highway Law (Laws 1910, c. 374) provides that before an ordinance drawn thereunder limiting the speed of motor vehicles becomes effective copies of the same must also be filed with the secretary of state at least 30 days before they shall respectively take effect and certain signs must be erected.

It is apparent, from the reading of these sections, that all the provisions applicable to the adopting of local ordinances as defined in the Village Law must be observed as to publishing and posting, and in addition thereto the additional requirements mentioned in said section 288 must be complied with. The proof in this case is that the proposed ordinance was filed with the secretary of state more than 30 days before the alleged crime was committed and that it was published in the Tully Times, a newspaper published in said village, for the period of at least 29 days, and there the evidence ends. No attempt was made to show that the Tully Times was the official village paper, or that it was the only newspaper published in the village, and there was no evidence that copies of the ordinance were ever posted in at least three public places as required by the Village Law.

The burden was on the people to show that all the formalities necessary to make the proposed ordinance effective had been complied with, and until publication thereof was made in the manner provided in the Village Law the ordinance was invalid. Kneib v. City, 6 Hun, 238.

[3] This ordinance is defective in another particular. Section 288 of the Highway Law further provides:

"That such ordinance, rule or regulation shall fix the punishment for violation thereof, which punishment shall, during the existence of the ordinance, rule or regulation, supersede those specified in subdivision two of section two hundred and ninety of this chapter, but except in cities of the first class shall not exceed the same."

Subdivision 2 of section 290 provides:

That "the violation of any of the provisions of section 287 of this article shall constitute a misdemeanor punishable by a fine of not exceeding one hundred dollars."

This ordinance which we are considering declares that a violation thereof shall be a misdemeanor, but there is nothing in section 288 which authorizes the board of trustees to declare it such, nor can it be declared a misdemeanor under subdivision 2 of section 290, for that makes the violation of section 287 a misdemeanor and refers in no way to section 288. But subdivision 9 of section 290 provides:

"Any person violating any of the provisions of any section of this article for which violation no punishment has been specified shall be guilty of a misdemeanor punishable by a fine of not exceeding twenty-five dollars."

Here was provided the authority under which the board of trustees could declare the violation of the ordinance which they adopted a misdemeanor; but at the same time it limits the punishment which can be imposed for a violation to a fine of not exceeding $25. This ordinance fixed the fine for a violation at a sum not over $50, and this defendant was fined and paid $50, which clearly was an illegal sentence and beyond the power of the court to impose.

For the reasons above given, the ordinance is of no force and effect, and the conviction of the defendant thereunder must be set aside, and the fine remitted. A new trial cannot be granted. There being no legal ordinance, there can be no violation.

Judgment reversed, and fine remitted.