(172 App. Div. 858)

### CHAPMAN v. SELOVER.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1916.)

1. MUNICIPAL CORPORATIONS &#9998;592(2)—HIGHWAY ORDINANCE—PENALTY—STATUTE.

A village was incorporated under the Village Law (Consol. Laws, c. 64), section 93 of which provides that the board of trustees may enforce its ordinance by prescribing therein penalties for each violation not exceeding $100 for any offense, and may in addition declare a violation to constitute disorderly conduct, section 338 of which makes a disorderly person subject to arrest with or without process for violation of a village ordinance committed in a police officer's presence, and section 339 of which makes penalties under ordinance not declaring their violation to constitute disorderly conduct, enforceable in the form of a civil action. Highway Law, § 288, as amended by Laws 1910, c. 374, authorizes incorporated villages to limit by ordinance the speed of motor vehicles on the public highways, within certain conditions, and declares that such ordinances shall fix the punishment, which shall supersede those specified in section 290, subd. 2. Section 287 provides that every person operating a motor vehicle on a public highway of the state shall drive at a safe rate of speed, and section 290, subd. 2, makes the violation of section 287 a misdemeanor punishable by fine not exceeding $100, and subdivision 9 makes any violation of any section or article for which no punishment is specified a misdemeanor punishable by fine. *Held,* that the limit of the power of village trustees was to impose a fine to be collected by a civil action, and that they had no power to declare the violation of the ordinance to be a misdemeanor.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1312; Dec. Dig. &#9998;592(2).]

2. MUNICIPAL CORPORATIONS &#9998;111(4)—HIGHWAY ORDINANCE—VALIDITY.

The remainder of such ordinance was valid, including the part imposing a penalty for its violation.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 248–251; Dec. Dig. &#9998;111(4).]

3. FALSE IMPRISONMENT &#9998;7(3)—HIGHWAY ORDINANCE—ARREST.

Where a village ordinance regulating the speed of motor vehicles did not declare its violation to constitute disorderly conduct subject to arrest without a warrant, and its police officers had no authority to arrest one for violating the ordinance in his presence, the plaintiff's arrest for a violation of the ordinance was not justified, and constituted an assault upon him.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 29–44; Dec. Dig. &#9998;7(3).]

4. FALSE IMPRISONMENT &#9998;10—HIGHWAY ORDINANCE—DEFENSES—OTHER OFFENSE.

In such case, the plaintiff's arrest by defendant for violating the ordinance could not be justified by showing his guilt of some other crime.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 74; Dec. Dig. &#9998;10.]

&#9998;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. FALSE IMPRISONMENT ⬤═20(1)—COMPLAINT—AMENDMENT.
    In an action against a police officer for making a false arrest under an ordinance regulating the speed of motor vehicles, it was error to hold that the trial court had no power to allow an amendment to the complaint to allege false imprisonment more clearly as a ground of recovery.

    [Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 86-88; Dec. Dig. ⬤═20(1).]

Appeal from Onondaga County Court.

Action by Levi S. Chapman against Grant Selover. From a judgment in favor of the defendant, dismissing plaintiff's complaint, upon the verdict of a jury, and for $135.36 costs, and from an order denying plaintiff's motion to set aside the verdict and for a new trial upon the minutes of the court, entered upon the same day, plaintiff appeals. Judgment and order reversed, and new trial granted.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, and MERRELL, JJ.

Harry E. Newell and Newell, Chapman & Newell, all of Syracuse, for appellant.

G. W. O'Brien, of Syracuse, and Cleveland J. Kenyon, of Tully, for respondent.

FOOTE, J. Defendant, a police officer of the village of Tully, Onondaga county, arrested plaintiff on July 19, 1914, in said village, without a warrant, on a charge that plaintiff had, in his presence, violated an ordinance of the said village, in that he had operated an automobile on the public streets of said village at a greater rate of speed than 15 miles per hour for a distance exceeding one-eighth of a mile. Defendant took plaintiff immediately before the police magistrate of said village, where plaintiff was arraigned upon the charge, pleaded not guilty, and demanded a jury trial. The case was adjourned, and trial had before a jury on July 23, 1914, when plaintiff was convicted, and a fine of $50 imposed by the justice. Meantime, before the trial, this action was brought to recover damages as for an assault and an unlawful arrest. Plaintiff subsequently appealed from the judgment of conviction to the County Court of Onondaga County, where the conviction was reversed and an opinion written. See People v. Chapman, 88 Misc. Rep. 469, 152 N. Y. Supp. 204. On the trial of the present case the jury rendered a verdict in favor of defendant, from which plaintiff appeals.

The principal questions presented upon the appeal are as to the validity of the ordinance, the right of defendant to arrest plaintiff for a violation thereof committed in his presence, and as to the correctness of the instructions given to the jury by the learned trial justice to the effect that, although the ordinance was invalid, it afforded some protection to the officer in making the arrest, and that, if plaintiff was running his car at a greater rate of speed than 15 miles per hour, then defendant was justified in doing what he did—that is, in arresting plaintiff and taking him before the magistrate.

[1] The village of Tully is incorporated under the Village Law

(chapter 64, Laws 1909). On May 21, 1914, its board of trustees adopted a motor vehicle ordinance, as follows:

"First. Resolved, that no person shall operate a motor vehicle on the public streets of the village of Tully, N. Y., at a rate of speed exceeding one mile in four minutes and that any person operating a motor vehicle at a rate of speed exceeding one mile in four minutes on the public streets of said village of Tully shall be guilty of a misdemeanor punishable by a fine not exceeding fifty dollars ($50)."

The authority of the board to adopt this ordinance is found only in section 288 of the Highway Law (chapter 30, Laws 1909, being chapter 25 of the Consolidated Laws, as amended by chapter 374, Laws 1910), which limits in certain particulars the power of cities and villages in respect to the regulation of motor vehicles, and further provides as follows:

"Provided, further, that the local authorities of other cities [than cities of the first class] and incorporated villages may limit by ordinance, rule or regulation the speed of motor vehicles on the public highways, such speed limitation not to be in any case less than one mile in four minutes, and the maintenance of a greater rate of speed for one-eighth of a mile shall be presumptive evidence of driving at a rate of speed which is not careful and prudent; * * * and also on further condition that such ordinance, rule or regulation shall fix the punishment for violation thereof, which punishment shall, during the existence of the ordinance, rule or regulation, supersede those specified in subdivision two of section two hundred and ninety of this chapter but, except in cities of the first class, shall not exceed the same."

Subdivision 2 of section 290 makes the violation of section 287 a misdemeanor punishable by fine not exceeding $100, and section 287 is as follows:

"Every person operating a motor vehicle on the public highway of this state shall drive the same in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person; provided, that a rate of speed in excess of thirty miles an hour for a distance of one-fourth of a mile shall be presumptive evidence of driving at a rate of speed which is not careful and prudent."

It will be seen that, when a village adopts an ordinance fixing a penalty or punishment, then the punishment prescribed by subdivision 2 of section 290 is no longer applicable in that village. We find no other section of the Highway Law which makes it a crime to violate a village ordinance regulating motor vehicles.

It appears, therefore, that the board of trustees had the power under section 288 of the Highway Law to adopt the ordinance entirely without reference to their powers derived from the Village Law, or any limitations therein upon their powers; but there seems to be no statutory authority for the board to declare violation of its ordinance to be a misdemeanor. Section 288 of the Highway Law does require the board, in adopting an ordinance, "to fix the punishment for violation thereof"; but that is not a grant of power to declare the violation a crime, for the Legislature has nowhere so said, so far as we are advised, and we do not think the power is implied in the power to fix the punishment. Subdivision 9 of section 290 of the Highway Law provides:

"Any person violating any of the provisions of any section of this article * * * for which violation no punishment has been specified shall be guilty of a misdemeanor punishable by a fine of not exceeding twenty-five dollars."

This applies only to violations of the sections of the Highway Law referred to, but does not make it a misdemeanor to violate village ordinances authorized by the Highway Law. The limit of the power would seem to be to impose a fine to be collected by civil action, except the power to which we will now refer:

By section 93 of the Village Law it is provided that the board of trustees—

"may enforce obedience to its ordinances by prescribing therein penalties for each violation thereof, not exceeding one hundred dollars for any offense. In addition to the penalty the board may also ordain that a violation thereof shall constitute disorderly conduct, and that the person violating the same shall be a disorderly person; and such violation shall constitute disorderly conduct, and such person shall be a disorderly person."

By section 338 of the Village Law a "disorderly person" under that law is subject to arrest with or without process, and a police officer is authorized to arrest a disorderly person without process for violation of a village ordinance committed in his presence. When such arrest is made it is the duty of the officer to take the person arrested immediately before the magistrate, who must proceed forthwith, unless an adjournment is had, to hear the complaint, and on conviction the magistrate shall impose the penalty prescribed by the ordinance violated, and may commit the defendant to jail if the fine is not paid. In all other cases the procedure for collecting the penalty under ordinances which do not declare the violation to constitute disorderly conduct is prescribed by section 339 of the Village Law, in the form of an action to recover the penalty. In this action an order of arrest may issue, and if judgment is recovered, and no property of the defendant is found, he may be committed to the county jail for a term not exceeding twenty days.

[2] Our conclusion is that the village board were without the power to declare the violation of the ordinance in question to be a misdemeanor and that that part of the ordinance is void. We think, however, the remainder of the ordinance is valid, including the part imposing the penalty for its violation. Duryee v. Mayor, etc., 96 N. Y. 477. It appeared upon this trial that the formalities of publication, posting, etc., required to put the ordinance into force, pointed out in the opinion in People v. Chapman, 88 Misc. Rep. 469, 152 N. Y. Supp. 204, were in fact complied with.

[3] As the ordinance did not declare its violation to constitute disorderly conduct, and as no statute which has been called to our attention gave the defendant as a public officer authority to arrest plaintiff for violating the ordinance in his presence, and as it is conceded that the arrest was not made for any other crime than violation of the village ordinance, we think the arrest cannot be justified, that it constituted an assault upon plaintiff, and that it was unlawful. Schneider v. McLane, *42 N. Y. 568; Hennessy v. Connolly, 13 Hun, 173; Schnider v. Montross, 158 Mich. 263, 122 N. W. 534.

[4] Under these circumstances it seems clear that the learned trial judge was in error in instructing the jury in effect that the ordinance was a protection to defendant in making the arrest, if he used no more force than was necessary. Even if plaintiff had violated some other law and was actually guilty of a crime, the arrest which defendant made for violating the ordinance could not be justified by showing plaintiff's guilt of such other crime. Snead v. Bonnoil, 166 N. Y. 325, 59 N. E. 899.

[5] We are also of opinion that the trial court was in error in ruling that the complaint stated a cause of action for assault only, and not for false imprisonment. See Craven v. Bloomingdale, 54 App. Div. 266, 66 N. Y. Supp. 525. The authority of this case is not disturbed by its reversal in 171 N. Y. 439, 64 N. E. 169, upon another ground. We are also of opinion that it was error to hold that the trial court was without power to allow an amendment of the complaint to allege false imprisonment more clearly as a ground of recovery.

The judgment must be reversed, and a new trial ordered, with costs to plaintiff to abide the event. All concur; MERRELL, J., in result only.