THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PETER B. McCAGHEY, Appellant.

County Court, Montgomery County, December 24, 1924.

Crimes — violation of village ordinance regulating speed of automobile — burden is on people to show existence of valid ordinance — no proof that publication of ordinance complied with Village Law, § 95 — conviction reversed.

On a prosecution for violating a village ordinance regulating the speed of automobiles the burden is on the People to show that a legal ordinance had

been duly adopted and that all the statutory requirements relating to its enactment had been fully complied with.

In this prosecution the defendant raised the question of the sufficiency of publication of the ordinance under section 95 of the Village Law and since the People failed to show that the ordinance was published in the official paper of the village once each week for two consecutive weeks and also in each other newspaper actually printed in the village, the judgment of conviction must be reversed and a new trial granted.

APPEAL by the defendant from a judgment of conviction for violating a village ordinance regulating the speed of automobiles.

*Bronner & Ward*, for the appellant.

*Newton J. Herrick, District Attorney*, for the respondent.

HARDIES, J.:

Defendant appeals from a judgment of conviction rendered against him for violating an alleged ordinance of the village of St. Johnsville regulating the speed of automobiles within the corporate limits of the village enacted January 21, 1918. Defendant was convicted after trial. If the defendant was guilty of an alleged crime, it was purely a statutory one, and the burden was upon the People to show that a legal ordinance had been duly adopted and that all of the statutory requirements relating to its enactment had been fully complied with. There is no question but that the village had the right at the time to enact the ordinance.

Defendant made a motion to dismiss the complaint and information at the close of the People's case and for the discharge of the defendant, upon the ground that it had not been shown that the ordinance in question had been legally enacted and that all of the statutory requirements had been complied with. He also raised the question of the locations of signs along the highways giving notice of speed limitations. One of the questions raised by defendant relates to the publication of the alleged ordinance. Section 95 of the Village Law provides: " Every ordinance hereafter adopted or approved by the board of trustees of a village shall be entered in its minutes and published in the official paper of the village, and also in each other newspaper actually printed in the village, once each week for two consecutive weeks, and a printed copy thereof posted conspicuously in at least three public places in the village for at least ten days before the same shall take effect, and an affidavit of the publication and posting thereof shall be filed with the clerk."

The proof in this case is that the proposed ordinance was published in two newspapers in the village of St. Johnsville, but there is no proof that either one of these papers was the official paper or that there was an official paper of the village, nor that the two

papers in which the publication was had were the only two newspapers actually printed in the village. The burden was on the People to show that these formalities required by the statute to make the proposed ordinance effective had been complied with. If such requirements had not been complied with, then the ordinance was invalid. (*People* v. *Chapman*, 88 Misc. 469.)

It may be that the ordinance in question is a legal ordinance and duly enacted, but the People have failed to make the proof necessary to establish its validity in this case. Numerous other questions are raised by defendant, but it is unnecessary to determine those.

For the reasons stated, the conviction of the defendant must be set aside and the fine remitted, and a new trial granted.

Judgment is reversed, the fine remitted and a new trial granted.