The People of the State of New York, Respondent, *v.* Harold Shoen, Appellant.

County Court, St. Lawrence County, February 25, 1932.

*Charles A. Murphy*, for the appellant.

*Frank L. Scott, Assistant District Attorney*, for the respondent.

Dolan, J.   The defendant was convicted in Police Court in the village of Massena for the violation of an alleged ordinance which forbade any person to operate a motor vehicle on a public street of that village at a speed exceeding one mile in three minutes and which provided that any person violating said ordinance shall be liable to a penalty of ten dollars for the first violation thereof.

On the trial of said action and preliminary thereto many substantial objections were made to the information filed upon which the defendant was tried, and also that the village of Massena had not complied with the provisions of law in reference to the ordinance upon which the defendant was tried.

All of said objections were overruled.   A jury was selected and the defendant was convicted and fined ten dollars.

The objections which the defendant raised and which perhaps demand some consideration are

" *First.* That the information in this proceeding did not state facts sufficient to constitute a crime.

" *Second.* That the ordinance under which the defendant was tried was enacted by virtue of the provisions of section 288 of the Highway Law* and that an official copy of said ordinance was not filed with the Secretary of State as provided in said section 288.

" *Third.* That there was no allegation in the information that the village of Massena was an incorporated village or that the street upon which it was alleged that the defendant violated said ordinance was a public highway or street of said village."

I am of the opinion that the information was sufficient, particularly in view of the fact that the defendant was apprised of the violation with which he was charged from the commencement of the proceeding. The defendant was arrested by a police officer at the time that he was apparently driving at the excessive rate of speed. If he was driving at an excessive rate of speed under the alleged ordinance he was a disorderly person. Under section 338 of the Village Law a peace officer may arrest a disorderly person without process for a violation of a village ordinance committed in his presence.

Therefore, the first objection is dismissed.

There seems, however, to be some merit in the other two objections. The ordinance upon which the defendant was tried had apparently been enacted prior to August 25, 1927.

It was passed under and pursuant to the provisions of section 288 of the Highway Law as then in force.

One of the provisions of section 288 of the Highway Law at the time of the passage of said ordinance read as follows: " Official copies of all local ordinances passed under the provisions of this section shall be filed with the secretary of state at least thirty days before they shall respectively take effect."

The defendant challenged the People to show proof of the filing of a copy of said ordinance with the Secretary of State. The People failed to make the proof.

In my opinion, it was necessary to file a copy of the ordinance with the Secretary of State before the ordinance became effective. (*People* v. *Chapman*, 88 Misc. 469.)

The respondent contends that since the defendant was tried under section 54 of the Vehicle and Traffic Law, it does not require a copy of the ordinance to be filed with the Secretary of State in order to make it operative; that it was not incumbent upon the People to show that a copy of said ordinance was filed under section 288 of the Highway Law.

While it was apparently the legislative intent that the enact-

* Repealed by Laws of 1929, chap. 54; substance of statute may be found in Vehicle and Traffic Law, § 54.— [REP.

ment of said section 54 of the Vehicle and Traffic Law did not impair any ordinance already passed not inconsistent with the provisions of said section 54, nevertheless, the law implies that said ordinances shall be legally adopted and conform to the laws in force at the time of their adoption. Therefore, as said ordinance under section 288 of the Highway Law was not valid it could not be validated by the enactment of section 54 of the Vehicle and Traffic Law.

The People also failed to prove that the places where it was alleged that the defendant operated his automobile at an excessive rate of speed were public streets. While this fact may have been apparent, nevertheless, the defendant was charged with a violation of law because of which he might be punished by imprisonment. It was, therefore, incumbent upon the People to prove all the requisities necessary to constitute a conviction and one of these necessary elements was that the place where the defendant was charged with operating said car at an excessive rate of speed was a public street in the village of Massena.

I have come to this conclusion reluctantly because I am conscious that on the trial of cases for the violation of ordinances, the incorporation of villages, the existence of public streets and the adoption of ordinances are taken for granted and are usually presumed. However, we cannot overlook objections which apparently are valid, especially since the defendant maintained throughout the trial of this action that he was not guilty and that he did not operate said car at a rate of speed in excess of twenty miles an hour and that he repeatedly brought to the attention of the respondent the failure of the People to establish sufficient facts to warrant the conviction of the defendant.

Consequently, the judgment of conviction is reversed.