THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN KOSIK, Appellant.

County Court, Nassau County, June 21, 1932.

*Abraham J. Feitelberg*, for the appellant.

*Elvin N. Edwards, District Attorney*, for the People.

JOHNSON, J. This is an appeal from a judgment of conviction of the defendant in a Court of Special Sessions in the town of North Hempstead of reckless driving in violation of section 58 of the Vehicle and Traffic Law, and of driving without adequate brakes in violation of section 15, subdivision 1, of the same law.

The charges against the defendant arose out of a collision which occurred between a car operated by the defendant and a car operated by the complainant at the intersection of Cherry lane and Lowell avenue at New Hyde Park in the town of North Hempstead, Nassau county, N. Y.

Lowell avenue runs east and west and Cherry lane runs north and south. The complainant was driving easterly on Lowell avenue and the defendant was driving southerly on Cherry lane. The complainant was thus approaching the intersection from the defendant's right, so that the defendant was required by the statute to grant the right of way at such intersection to the car of the complainant approaching from his right. (Vehicle and Traffic Law, § 82, subd. 4.)

To be sure, the privilege conferred by that statute is not inflexible and absolute. It will, however, establish precedence when rights might otherwise be balanced. If the relative position of the cars as they approached the intersection, taking into account their respective distances from the intersection and their respective speeds, is such that collision may reasonably be apprehended if the car on the left proceeds at the same rate of speed, then the statute says that the car approaching from the right may take precedence; the car from the left having a subordinate right which requires its driver to slow up or stop and give to the car on the right the precedence which the statute guarantees to it. (*Ward* v. *Clark*, 232 N. Y. 195; *Shirley* v. *Larkin*, 239 id. 94; *Shuman* v. *Hall*, 246 id. 51.)

The testimony in this case is that both cars were proceeding at approximately the same rate of speed, to wit, at about twenty-five

miles per hour. The testimony on behalf of the complainant is that he was at least three-quarters of the way across the intersection when the defendant's car came into the intersection from Cherry lane and struck the left side of the complainant's car. If the trial court believed this testimony, it would seem obvious that the complainant had the right of way under the statute, had passed some distance beyond the center line of the intersection, and that nevertheless the defendant approaching from his left continued and struck him. The trial court saw and heard the witnesses, and this court may not say that such a finding by the trial court is contrary to the evidence or to the weight of evidence.

As to the question of adequate brakes, testimony was educed on behalf of the complainant to the effect that immediately following the accident, a test was made of the brakes on defendant's car, and as a result of such test it was found that that car was practically without brakes and that this condition was not due to the collision.

The defendant, nevertheless, asserts that the judgment of conviction should be reversed because of failure to prove that Cherry lane and Lowell avenue were public highways. (*People* v. *Shoen,* 142 Misc. 788.)

The evidence shows that Lowell avenue was a road used by the public going east and west, situated at New Hyde Park, parallel to Jericho turnpike. It also shows that Cherry lane was a road used by the public going north and south, from Great Neck to New Hyde Park, and that the intersection of the two roads was of sufficient importance to require the maintenance of a stop sign at one of the corners. The trial court may well have taken judicial notice of these roads as public highways. In any event, it is a matter of record that they are public highways, which record is available to this court as it was to the court below. (*People* v. *Hillman,* 246 N. Y. 467.)

The judgments appealed from should be affirmed.