THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CARL SCHRADER, Appellant.

County Court, Nassau County, October 17, 1939.

*Charles C. Clark*, for the appellant.

*Philip Huntington, Assistant District Attorney*, for the respondent.

*Louis A. Freedman, Assistant Corporation Counsel, amicus curiæ.*

JOHNSON, J.   This is an appeal from a judgment of the City Court of Long Beach convicting the defendant of violation of an ordinance of that city prohibiting operation of a motor vehicle at a rate of speed in excess of twenty miles per hour.   Many grounds for reversal are asserted which have been comprehensively briefed by the defendant's attorney, the city attorney and the district attorney. This court, however, is confronted at the inception of the case with a question which may be determinative of the appeal.   The information alleged that the defendant operated a motor vehicle at a rate of speed in excess of twenty miles per hour, to wit, at the rate of thirty-eight miles per hour, on Broadway, in the city of Long

Beach, in violation of the city ordinance of that city. A certified copy of the ordinance was received in evidence at the trial. There was, however, no allegation in the information and no proof at the trial as to the placing of signs in accordance with the requirements of section 54 of the Vehicle and Traffic Law. It is necessary, therefore, first of all, to examine into the question whether the placing of such signs is a condition precedent which the People are required to allege or prove, or both.

Section 56 of the Vehicle and Traffic Law provides that every operator of a motor vehicle upon a public highway shall drive the same in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person, and further provides that a rate of speed in excess of forty miles an hour for a distance of one-quarter of a mile shall constitute presumptive evidence of driving at a rate of speed not careful and prudent.

This statute was enacted after considerable thought and study to replace former statutes which contained absolute prohibition with respect to speed of motor vehicles on public highways.

By section 90 of the Vehicle and Traffic Law, local authorities were denied the power to pass, enforce or maintain any ordinance inconsistent with the provisions of that statute; and, by section 54 of the Vehicle and Traffic Law, municipalities were specifically denied the power to pass, enforce or maintain any ordinance restricting motor vehicles or their speed upon public highways except as therein provided; and it was therein provided as follows: " That the local authorities of other cities and incorporated villages may, subject to the provisions of this section and the following section, limit by ordinance, rule or regulation the speed of motor vehicles and motor cycles on the public highways, such speed limitation not to be in any case less than one mile in three minutes, on condition that each city or village shall have placed conspicuously, on a post, not more than fifteen (15) feet from the travelled portion of the highway, on the right hand side of each main public highway entering the city or village, where the city or village line crosses the same, or on posts, on both sides of the highway, at a point within the limits of such city or village on such highway, and not more than fifteen (15) feet from the travelled portion of every main highway where the rate of speed changes, at the point where the speed limit is reduced or changed, a sign or signs, adequately illuminated between sunset and sunrise, so placed and of sufficient size to be easily readable by a person using the highway, the top of which shall be not more than eight (8) feet nor less than two (2) feet from the ground, bearing, as a minimum requirement, the name of the city or village;

the number of miles per hour, and also on further condition that such ordinance, rule or regulation shall fix the punishment for violation thereof, which punishment shall, during the existence of the ordinance, rule or regulation, supersede those specified in this chapter but, except in cities of the first or second class, shall not exceed a fine of one hundred ($100) dollars or imprisonment for thirty (30) days or both such fine and imprisonment. The name of the city or village and the numbers and letters stating the miles per hour, shall be in letters not less than four (4″) inches high; all other letters shall be not less than one and one-half (1½″) inches high."

The legislative scheme, therefore, seems quite clear. Throughout the State, generally, no definite speed limit was placed but, on the contrary, motorists were required to operate their motor vehicles upon public highways in a careful and prudent manner, and the only provision as to speed was that operation in excess of forty miles per hour for a quarter of a mile or more would constitute presumptive evidence that they were not operating in a manner careful and prudent. It was apparently recognized, however, that in municipalities such as cities and villages, such a speed limit would be too broad. Consequently, the Legislature authorized cities and villages, generally, to enact ordinances placing lower speed limitations, the limitation in no case, however, to be less than twenty miles per hour, but such permission was granted specifically upon the condition of the erection of signs in the manner therein set forth. Former section 288 of the Highway Law, from which section 54 of the Vehicle and Traffic Law was derived, also required the filing of such ordinance in the office of the Secretary of State. It seems quite plain, therefore, that the intention of the Legislature was that the motorist, although presumed to be familiar with the provisions of section 56 of the Vehicle and Traffic Law whereby driving in excess of forty miles per hour would constitute presumptive evidence of reckless driving, could not be presumed to be familiar with the various speed limitations which might be enacted by the various cities and villages throughout the State; and, therefore, imposed the condition as to the erection of signs in order that the motorist, when entering such city or village, or an area therein where the speed limitation was changed, should be advised thereof by signs so placed that they could not escape the attention of the approaching motorist. This, alone, can explain the meticulous care with which the Legislature, in section 54 of the Vehicle and Traffic Law, prescribed how and where those signs should be placed, even to the size of the lettering thereon, what they should contain and their position at the side of the highway and above the surface of the ground.

It is, nevertheless, contended that the mere introduction into evidence of a certified copy of the ordinance carries with it proof that the provisions of section 54 have been complied with. I cannot agree with this contention. To be sure, section 388 of the Civil Practice Act provides that a city or village ordinance may be read in evidence either from a copy thereof certified by the clerk or from a volume printed by authority of the municipal governing body. This section, however, relates solely to the method of proof and its intent is to provide a method of secondary proof by certified copy to do away with production of the original. The Village Law goes a step further. It provides that a village ordinance, in order to become effective, must be posted and published as therein prescribed, and that the certificate of the village clerk that the ordinance has been duly adopted by the village board of trustees and has been posted and published as therein required is presumptive evidence of its due adoption and of due posting and publication. (Village Law, §§ 95, 96.) However, without the provisions of section 96, it would be necessary to introduce in evidence not only a certified copy of the ordinance but to prove that it had been posted and published according to law. (See *People* v. *Chapman*, 88 Misc. 469.) The enactment of section 96 of the Village Law overcame that necessity by making the certificate of the clerk as to posting and publication *prima facie* proof thereof.

Surely, however, it cannot be successfully contended that any such certificate would also be a substitute for proof that the signs had been erected in accordance with the provisions of section 54 of the Vehicle and Traffic Law. Thus, in the case of a village ordinance, ordinarily, it would be necessary to prove the adoption of the ordinance, prove its posting and publication, prove the erection of the signs and prove the filing of the ordinance with the Secretary of State while section 288 of the Highway Law was in force. By section 96 of the Village Law, the necessity of proving the adoption of the ordinance and its posting and publication was overcome by providing for the certificate of the clerk as presumptive evidence. No such provision can be found, however, whereby the necessity of proving the erection of the signs and the filing of the copy with the Secretary of State has been obviated. All of the authorities cited and the dicta therein are to the contrary. (*People ex rel. Hainer* v. *Keeper of Prison*, 190 N. Y. 315; *People* v. *Travis*, 257 id. 474; *People* v. *Hayes*, 66 Misc. 606; *People* v. *Chapman*, 88 id. 469; *People* v. *Dwyer*, 136 N. Y. Supp. 148; *People* v. *Shoen*, 142 Misc. 788; *People* v. *Bell*, 148 N. Y. Supp. 753.)

I cannot escape the conclusion that under section 54 of the Vehicle and Traffic Law the erection of signs in accordance with the

conditions therein prescribed is a condition precedent to the enactment and enforcement of a speed limitation ordinance by a village or by the city of Long Beach. The authority to enact such an ordinance is absolutely withheld unless the village or city shall have erected such signs. Proof, therefore, that such signs have been erected is a necessary part of the People's case in order to establish the validity of the ordinance and, consequently, that the defendant was guilty of the charge of violating such ordinance. It will be noted from the authorities above cited that, before the enactment of section 96 of the Village Law, it was held that failure to prove posting and publication of the ordinance constituted a fatal defect; and that while section 288 of the Highway Law was in effect, failure to prove filing of the copy of the ordinance with the Secretary of State likewise constituted a fatal defect. It seems perfectly clear to this court that it is much more fatally defective to fail to prove erection of the signs. Posting and publication of the ordinance in a village or city and filing of a copy of the same with the Secretary of State constitute legal notice of its adoption but, as a practical matter, give little or no notice to the motorist operating his car along the highway and entering a village or city as to the speed limitations in that particular municipality, whereas the erection of signs, in accordance with section 54, does unquestionably give him such actual notice.

As the erection of signs constitutes a condition precedent to the validity of the ordinance, an even stronger case is presented than that where the statute or ordinance contains an exception or proviso and the question is raised whether the People are required to negative the exception or whether that is the duty of the defendant. This subject was thoroughly discussed by this court in *People* (*Lewis*) v. *Kollender* (169 Misc. 995), and from that case and the authorities therein cited, it seems to follow beyond question that the provisions as to the erection of signs in section 54 of the Vehicle and Traffic Law are provisions, the burden of alleging and proving which rests upon the People.

It remains only to determine whether the information is sufficient. To be sure, it does not allege specifically the erection of the signs. It does, however, allege the adoption of the ordinance and, as an information, it may be held sufficient upon the theory that the allegation of adoption of the ordinance includes, impliedly, an allegation of the placing of the signs for the reason that the ordinance cannot under the law be adopted unless the signs shall have been placed. Although, upon that theory, the information may be sustained, nevertheless, when trial is reached, the plea of not guilty having denied all the allegations of the information, it was incum-

bent upon the People to prove the due adoption of the ordinance by the erection of the signs. If that proof has once been made and it is established that the signs were duly erected, then, it may well be that the People have proved a *prima facie* case and any further attack thereon, as, for instance, that the signs have become obliterated or the like, would rest upon the defendant.

The judgment of conviction is reversed, the fine remitted and a new trial granted in the same court.