Milton A. Wilts®, J.
Defendant appeals from a judgment of conviction in the Police Justice Court of the Village of Clayton, Jefferson County, New York, the Honorable Clarence Mange, Police Justice, presiding. The conviction was for violation of a village ordinance of the Village of Clayton, relating to speed of motor vehicles within the confines of said village.
At the close of the People’s case, counsel for the defendant moved to dismiss the information and discharge the defendant on the ground that the People had failed to prove a duly enacted ordinance of the Village of Clayton regulating speed; that if there were such an ordinance, it. was invalid on the grounds that the main highways leading into the Village of Clayton were not marked in accordance with the requirements of the Vehicle and Traffic Law; that the ordinance was invalid because there was no showing that the village obtained permission from the State Traffic Commission and the Superintendent of Public Works, to enact such an ordinance as to speed.
These motions were renewed at the conclusion of all of the testimony in the case, with the additional motions that the People had failed to prove the defendant guilty beyond a reasonable doubt, and "had failed to prove a valid ordinance.
The most important aspect of this case is determining whether any ordinance of the Village of Clayton, relating to speed was proved. Without proper proof of the same, the court had no authority to enter judgment.
By virtue of section 344-a of the Civil Practice Act, judicial notice of a village ordinance may be taken as a matter of law. The same section provides for its review on appeal.
In the instant case, the prosecution requested the Police Justice to take judicial notice of an ordinance relating to speed in the Village of Clayton. Such judicial notice was then taken.
The transcript of all the proceedings upon the trial further reveals the following, as to said ordinance: The Village Clerk testified for the People and was also called by the defendant after the People rested.
Through his production of a minute book, which he stated showed the proceedings of the Village Board from May of 1938 to July of 1950, a page containing the Village Speed Ordinance was offered and received in evidence; the date of its adoption, according to the record in the minute book, being January 23, *104 1950. This page of the minute book was marked People’s Exhibit 1.
The Village Clerk and the Police Officer also testified there were no speed signs on the East Line Road and Cemetery Road, two of the highways leading into.the Village of Clayton.
The return states that a certified copy of the village ordinance was admitted in evidence and that a copy of the same ‘ ‘ is attached” to the return. There is a paper attached to the return, reading as does People’s Exhibit 1 (speeding ordinance in minute book), but no certified copy of a speeding ordinance was ever offered or received in evidence, nor was said paper.
The return also states that a copy of a letter of approval of the State Traffic Commission approving said ordinance was admitted in evidence and is attached to the return. None was ever offered or received.
The return also states that a “verifax” copy of a letter from the State Department of Public Works approving said ordinance is attached to the return, although not admitted in evidence. Such a letter was not produced or marked in any way at the trial.
The official transcript of the proceedings upon the trial shows that the certified copy of said ordinance and the State Traffic Commission letter were marked defendant’s Exhibit No. 1 for identification. The exhibit was not offered in evidence by prosecution or defendant, or received in evidence by the court. It was so marked for identification only when the Village Clerk was called by the defense.
Defendant’s Exhibit No. 1, not being in evidence, serves no purpose in the return. If it did, the date of the adoption of the village speeding ordinance would differ from the date of the adoption in the minute book. The certified copy of the ordinance and the State Traffic Commission letter, marked for identification defendant’s Exhibit No. 1, annexed to the return but not in evidence, carries February 6,1950 as the date of the adoption and enactment. For the People, the village minute book carries the adoption date of January 23, 1950 and the testimony of the Village Clerk when called by the People states that no other speeding ordinance was enacted after January 23, 1950.
As to the “ verifax ” copy of a letter annexed to the return, from the Department of Public Works, such letter addressed to the Village Clerk sets forth: “ we attach approval of this Department of Ordinance enacted by your Village on April 24th as amended on September 5, 1950 ”.
The letter is dated September 26, 1950. It was not produced at the trial, or admitted in evidence and has no place in the *105 return. Had it been, in view of the testimony above mentioned, it obviously referred to an ordinance different from the one under consideration here.
The minute book did refer to a certain parking ordinance wherein publication and posting was shown, and certain other ordinances were noted in the minute book, that complied with the provisions of the law relating to the same, but there was nothing' whatever in the minutes book, or offered in evidence, regarding compliance with any of the statutory requirements mentioned herein, with respect to a village speeding ordinance upon which this prosecution is based.
Before this local ordinance became effective, compliance with the provisions of section 46 of the Highway Law, section 54 of the Vehicle and Traffic Law and section 95 of the Village Law was necessary.
None of these is revealed in the transcript of testimony. Perhaps validity of the ordinance herein considered, could have been proved; and may be proved, if another alleged offense is prosecuted under authority of the same, but it was not done in this case.
The taking of judicial notice of the ordinance under the circumstances and facts developed upon the trial, in and of itself, failed to prove the same. The People must have affirmatively shown beyond a reasonable doubt, that it was a valid ordinance and duly enacted and all statutory requirements regarding approvals by the State Traffic Commission and the Department of Public Works, and signs, posting and publishing and all other essentials complied with.
The People’s witnesses stated there were no signs on two of the roads leading into the village. The People also failed to show approvals by the State Traffic Commission and the Department of Public Works, or any publication and posting with regard to the ordinance. Defendant was not required to prove beyond a reasonable doubt its validity. When a defendant elicits testimony showing or tending to show noncompliance, which was done here, or the People’s testimony fails, the People must again proceed to prove compliance, as well as all other elements in the case, beyond a reasonable doubt. Reliance on judicial notice of an ordinance presupposes a compliance with the statutes making possible the enactment of a local law. When the prerequisites to a valid ordinance are missing or negatived, the People must prove that the statutory requirements are met, beyond a reasonable doubt. Here, this was not done. (People v. McCaghey, 124 Misc. 108; People v. Hilton, 8 Misc 2d 151; People v. Westchester County, 282 N. Y. 224.)
*106 Motions made by the defendant at the conclusion of all of the testimony, should have been granted.
For all of the above reasons, upon the facts and the law, the conviction of the defendant is reversed, the information dismissed and the fine remitted.
The District Attorney is respectfully asked to prepare an order to conform with the above, and to recite in said order, that the reversal is upon the facts and the law.