THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of
SYDNEY G. HOLBOROW, Respondent, *v.* MORRIS JACOBOWITZ,
Appellant.

First Department, June 8, 1928.

*John C. Judge*, for the appellant:

*Henry J. Shields* of counsel [*Isaac R. Wolf* and *J. Joseph Lilly*
with him on the brief; *George P. Nicholson, Corporation Counsel*],
for the respondent.

PROSKAUER, J.   The defendant has been convicted for violation
of section 139-b of the Sanitary Code of the City of New York,
being section 139-b of chapter 20 of the Code of Ordinances of City
of New York, which provides in part: " Non-alcoholic carbonated
drink or beverage as herein defined shall be deemed to be adulter-
ated: (1) If when sweetened it contain less than 7% by weight of
sugar (sucrose) in the finished product, except dry ginger ale which
shall contain not less than 5% of sugar (sucrose).   (2) If it con-
tain more than 0.004% by weight of saccharin or other synthetic
sweetening agent in the finished product.''

The defendant had admittedly offered for sale certain non-
alcoholic carbonated drinks sweetened with sugar, but containing
a little less than seven per cent by weight of sugar.   There was no
evidence that it contained any saccharin whatever.   It appears
affirmatively that the drink was not made either harmful or unpal-
atable by the failure to use the full requirement of seven per cent
by weight of sugar.   The conviction is attacked upon the ground
that the section in question is arbitrary and an unreasonable attempt

to exercise the police power and is, therefore, unconstitutional and void.

The section was enacted in order to avoid the effect of the decision of this court in *People* v. *Excelsior Bottling Works* (184 App. Div. 45), which set limits on the power of the board of health to prohibit entirely the use of saccharin in beverages. Since there was no evidence that saccharin was harmful, this court said that while the board of health could regulate the use of saccharin, both as to reasonable amount and as to branding, it could not prohibit its use. Thereafter the head of the division of foods and drugs, referring to a magistrate's opinion following the case of *People* v. *Excelsior Bottling Works,* reported: " This is the second time that an adverse opinion has come from the courts where saccharin has been either prohibited or regulated by the code provisions. In order to protect the people from deception when they purchase carbonated beverages, I have concluded that we should require a minimum amount of sugar in drinks of this character, and that the carbonated beverage business of this city would be placed upon a much higher plane if we would standardize carbonated drinks."

The section of the Sanitary Code here under review was thereupon adopted. It was shrewdly designed to require the introduction of so much sugar that it would be impossible to add saccharin without causing the beverage to be unpalatably oversweetened. Correlatively a maximum content of saccharin alone was prescribed, insufficient to sweeten palatably as it was equivalent in sweetening power to less than one-third of the minimum prescribed as a sugar content if sugar were used. The department has thus accomplished deliberately by indirection what it has been forbidden to do, and has practically made it impossible to use saccharin in carbonated beverages. Under the guise of regulation there has been factual prohibition. There is no question here of the deception of the public. There are specific provisions in the Sanitary Code requiring statement upon the label when saccharin is used. The validity of these provisions is not here questioned and their transgression is not here involved. The only issue here is whether there is justification for compelling a manufacturer of carbonated beverages to introduce at least seven per cent of sugar into his product if he uses any sugar at all. There is no consideration of health, safety or public interest suggested to give such justification.

The judgment appealed from should be reversed, the information dismissed, and the fine remitted.

DOWLING, P. J., FINCH, MCAVOY and MARTIN, JJ., concur.

Judgment reversed, the information dismissed and the fine remitted. Settle order on notice.