THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRENCH BOTTLING WORKS, INC., Appellant.

(Argued March 16, 1932; decided March 29, 1932.)

*John C. Judge* for appellant. Section 139-b of the Sanitary Code is inconsistent with the laws of the State of New York, and, therefore, embodies an invalid delegation of power. (*People* v. *Excelsior Bottling Works,* 184 App. Div. 45; *People* v. *Cavo,* 140 Misc. Rep. 40; *People* v. *Henderson,* 74 Misc. Rep. 577.) The provision of the Sanitary Code which requires the declaration of the use of saccharin is an unreasonable regulation. (*People* v. *Ringe,* 197 N. Y. 143; *People ex rel. Wineburgh Advertising Co.* v. *Murphy,* 195 N. Y. 126.)

*Arthur J. W. Hilly, Corporation Counsel* (*J. Joseph Lilly* and *Henry J. Shields* of counsel), for respondent. Section 139-b of the Sanitary Code in force in the city of New York is constitutional. (*People* v. *Excelsior Bottling Works*, 184 App. Div. 45; *Polinsky* v. *People*, 73 N. Y. 65; *People ex rel. Knoblauch* v. *Warden*, 216 N. Y. 154; *People* v. *Jacobowitz*, 224 App. Div. 111; *People* v. *New York Edison Co.*, 159 App. Div. 786; *United States* v. *Antikamnia Co.*, 231 U. S. 654.) Section 139-b of the Sanitary Code is not an unreasonable exercise of the police power. (*People* v. *Biesecker*, 169 N. Y. 53; *People ex rel. Wineburgh Advertising Co.* v. *Murphy*, 195 N. Y. 126.)

*Per Curiam.* This appeal calls into question the validity of the provision of the Sanitary Code (§ 139-b) in force in the city of New York relative to labeling bottled nonalcoholic carbonated beverages, which requires the dealer to indicate the presence of " saccharin or other synthetic sweetening agent " on the bottle or container or cap.

The Greater New York Charter (Laws of 1901, ch. 466, amd. by Laws of 1904, ch. 628, § 3) authorizes the Board of Health to embrace in the Sanitary Code " all matters and subjects to which, and so far as, the power and authority of said department of health extends, not limiting their application to the subject of health only." (§ 1172.) Reasonable regulations to prevent adulteration and misbranding of food products are within the legitimate exercise of the powers thus granted as being provisions for the security of life and health in the city of New York. People have a right to know what they are buying. (*United States* v. *Antikamnia Chemical Co.*, 231 U. S. 654, 655; see Rules and Regulations for the Enforcement of the Federal Food & Drugs Act, 1922, Regulation 21, " Substitution.")

The appellant contends that the regulation is unreasonable as having no relation to the security of life and health. It contends that as there is no law requiring

the use of sugar as a sweetening substance, a rule requiring soft drinks containing saccharin to be so labeled discriminates against a harmless sweetening substance when lawfully used. For proof that saccharin is a harmless sweetening substance, counsel cites cases in the lower courts to that effect. (*People* v. *Excelsior Bottling Works, Inc.*, 184 App. Div. 45; *People* v. *Jacobowitz*, 224 App. Div. 111.) Those cases are not controlling here. Moreover, they have to do with the prohibition of the use of saccharin while we are considering merely a labeling law.

In determining what saccharin is, the judge has a discretionary right to resort to standard dictionaries and encyclopædias to satisfy himself " that he is justified in making the desired ruling for dispensing with evidence." (5 Wigmore on Evidence [2d ed.], p. 574.)

In the Encyclopædia Americana (Vol. 24, p. 87) we find: " Saccharin is used as a substitute for cane sugar in the treatment of diabetes, dyspepsia, obesity and in gastro-intestinal infections. According to some authorities the compound is rapidly absorbed and eliminated practically unchanged through the kidneys without producing digestive troubles or toxic effects. On account of its antiseptic properties saccharin has not found universal favor as an artificial sweetener in foods, confectionery and beverages. Saccharinated cake and pastry have been condemned as indigestible foods, and government regulations require that in liquors, syrups and the like the presence and amount of saccharin be plainly declared upon the label."

Webster's New International Dictionary says: " It is manufactured on a large scale from the toluene of coal tar, and is used in many ways as a sugar substitute."

The Oxford Dictionary defines " Saccharin " as: "An intensely sweet substance obtained from coal tar, used in minute quantities for sweetening the food or drink of persons to whom sugar is injurious."

Thus we have it that saccharin is a coal tar product

not to be used indiscriminately, but only in small quantities. The presence of such sweetening in soft drinks might properly be required to be made known to the public by a proper label if these definitions are correct.

While these definitions of saccharin are not conclusive on the fact, the People made out *a prima facie* case and the burden of going on passed to defendant to meet the evidence against it. As it offered no evidence, the conviction was proper.

The judgment should be affirmed.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur; KELLOGG, J., not sitting.

Judgment affirmed.