CITY OF BUFFALO, Respondent, *v.* ROBERT W. BECK, Appellant.

Supreme Court, Special Term, Erie County, April 28, 1954.

*John M. McKee* for appellant.

*William B. Lawless, Jr., Corporation Counsel (Aaron Weinstein* of counsel), for respondent.

WARD, J. Appellant appeals from a conviction in the Buffalo City Court, City Court Justice ARTHUR J. COSGROVE presiding without a jury. The defendant therein was convicted of a violation of the city ordinances regulating speed of motor vehicles.

Among the errors specified in the affidavit attached to the notice of appeal is, " It was error on the part of the trial court to take judicial notice of the operation and accuracy of radar devices to establish the speed of the defendant's automobile, said device not being a practical application of scientific facts that are generally known or ought to be known."

Upon the trial, the evidence as to the speed of the defendant consisted of (1) testimony of police officers as determined by visual observation of the defendant's car while in motion; (2) record of speed as measured by an electrical recording device, commonly called " radar ". The testimony of the police officers as to their observations was competent and properly received by the court. If credible, it was sufficient standing alone to convict.

The taking of judicial notice complained of by the appellant was not proper and the court below erred in so doing. The court failed to consider well-recognized rules which permit a trier of the facts to take judicial notice of what otherwise would require proof. The essence of judicial notice is that the trier of the

facts, whether he be judge or juror, will assume as true for the purpose of the case before him, certain facts without requiring proof thereof (*People* v. *French Bottling Works,* 259 N. Y. 4, 7). The fundamental justification for this legal phenomenon is that the trier of the facts possesses in common with the public knowledge of facts of common occurrence and notoriety.

In *People* v. *Gitlow* (234 N. Y. 132, 143), the court said: "What the world generally knows a court of justice may be assumed to know." Generally speaking, judicial notice may be taken of any fact which is of common notoriety (*People* v. *Snyder,* 41 N. Y. 397, 398; also *People* v. *Gitlow, supra*). The contrary of this is not so, however. A judge or juror cannot, in the name of judicial notice, substitute his own personal knowledge for evidence. There is a real distinction between a judge's personal knowledge as a private person or knowledge acquired by him as a judge upon another trial and his knowledge as a judge. As a judge he should ignore what he knows as an individual or knowledge which has come to him upon another trial in which evidence was given to bring about that knowledge (*Matter of Bommer,* 159 Misc. 511). Of course, no fixed rule can be laid down declaring what will be judicially noticed. In a general way courts will notice without evidence, all facts that are part of the general knowledge of the country.

In *Town of North Hempstead* v. *Gregory* (53 App. Div. 350, 354) the court said: "whether such a fact be ' notorious ' obviously depends upon the particular view, the judicial knowledge or the judicial reasoning of the court as to the common knowledge of man thereof." "Care must be taken that the requisite notoriety exists. Every reasonable doubt upon the subject should be resolved promptly in the negative." (*Brown* v. *Piper,* 91 U. S. 37.) In the present case, the trier of the facts determined that " the ability of radar to detect the presence of and track and measure the speed of moving objects " and further " * * * I will say that the theory behind this particular instrument for the purpose of measuring speed, I will take judicial notice of that and that is this Doppler system of waves of megacycles being sent out and based on what comes back the speed is determined " was a proper subject of judicial notice.

The trial court's determination that such was the proper subject of judicial notice is not conclusive upon an appeal any more than the receipt in evidence of any other evidentiary matter.

I must hold that the theory of the operation of this electrically operated device and the accuracy of its measurement of speed is not a proper subject for judicial notice at this time. Electronics is a recent development in the science embracing the mysteries of electricity (*People* v. *Offerman,* 204 Misc. 769). Certainly it cannot be said that such knowledge is " notorious " as above described or that it is " the general knowledge of the country " or is the operation of this device " a practical application of scientific facts which are generally known or ought to be known."

It is no cause for an affirmance of this judgment that four police officers testified that from their observations and independently of the radar reading, the defendant was traveling forty miles per hour in a thirty-mile per hour zone. Upon the general verdict of guilty, it is impossible to separate the evidence and determine upon this appeal whether the learned trial justice believed the testimony of these officers and based his verdict of guilty upon that testimony alone or whether he found his verdict upon the evidence of the reading of the dial of the radar device and the judicial notice taken by the court, or whether he based his verdict upon both. The error of receiving into evidence under the guise of judicial notice the theory of the operation of this device and its accuracy is such that an appellate court cannot overlook it as permitted by section 542 of the Code of Criminal Procedure. This is an error which affects the substantial rights of the defendant. It may be the very evidence upon which the judgment of conviction was found.

Judgment of conviction is reversed and a new trial is ordered.