THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HAROLD J. BORDELEAU, Appellant.

County Court, Schoharie County, February 9, 1955.

*John J. Gardner* for appellant.

*T. Paul Kane, District Attorney,* for respondent.

J. ROBERT JOHNSON, J. The defendant was convicted in a court of Special Sessions of the Village of Sharon Springs, Schoharie County, New York, held by EVERETT D. MERENESS, Esq., Police Justice, on the 11th day of January, 1955, of violation of an ordinance of the Village of Sharon Springs regulating the speed of vehicles in said village. The defendant appeals from this conviction, and from the fine of $10 imposed thereon.

The defendant was arrested on November 9, 1954, by a police officer of said village, who on that day filed an information and deposition charging the defendant with the said violation. The defendant deposited $10 cash and a bail bond, which bail was subsequently declared forfeited. The defendant thereafter appeared for trial and such trial was held before the court without a jury on January 11, 1955, both the complainant and defendant being represented by counsel.

The only witness for the People was the police officer, who testified as to the speed of the defendant's car while traveling through the village of Sharon Springs and as to the presence of certain signs on a highway at or near the entrance to the village. A certified copy of the village ordinance in question, together with affidavit of publication and posting as required by section 95 of the Village Law, was also received in evidence.

The ordinance in question was adopted by the village board pursuant to the provisions of section 54 of the Vehicle and Traffic Law, which sets forth the conditions under which such local ordinances may be adopted. This section by its terms, limits the powers of local authorities to regulate traffic generally to the powers given in the section itself, and provisions are made therein for the manner in which those powers must be exercised. In the case of speed, the section is specific not only as to the ordinances, rules and regulations which may be passed, but also as to the manner in which they may be enforced, and the notice which must be given to the traveling public by means of signs.

The size, type, lettering and location of signs which must be erected is specifically set forth, as well as the requirements that not only the beginning, but also the end of the speed zone shall be plainly indicated.

In the case at bar, satisfactory proof was offered of the adoption and publication of the ordinance in question, which limits the speed limit of any vehicle upon any of the streets of the village of Sharon Springs to twenty-five miles per hour, except within the school zone, which speed is determined by the State.

It further appears to have been satisfactorily established that the defendant was traveling at a speed in excess of that rate within the village of Sharon Springs.

As to the signs, the testimony was that the defendant was traveling westerly on Route 20, a public highway running through the village of Sharon Springs; that the complaining witness had observed '' Traffic signs on the North side of the highway as you approach the village from the East; that there is a speed sign on the South side of the highway as you approach the village from the West; that the signs are very legible, and can be easily seen;'' that the signs were estimated by the witness to be about fifteen feet from the road, and less than eight feet and more than two feet from the ground; that the described signs read '' Speed limit, Village of Sharon Springs, 25 miles per hour.''

The statute provides that the letters and figures in the name of the city or village if required, and in the statement of miles per hour on such a sign shall not be less than four inches high and all other letters and figures on such a sign shall not be less than one and one-half inches high, and in the case of signs erected after September 1, 1946, the letters and figures in the name of the city or village, if required, and in the statement of miles per hour shall not be less than six inches high and all other letters three inches high respectively. No proof was offered as to the size of the lettering on the signs.

This court is reluctant to determine that substantial compliance with the requirements as to the speed signs themselves has been shown, and even if it were to be so held, we are confronted with the question of the proper indication of the end of the speed zone.

In order to make the ordinance effective, the village authorities must comply with all of the requirements of this section. It has been properly held in *People* v. *Wadsworth*, hereafter cited, that notice of the termination of the speed zone is essential.

Judicial notice of compliance with the requirements of section 54 of the Vehicle and Traffic Law cannot be taken by a trial or appellate court. These are facts which must be proved by competent evidence and have not been so proved here. (*People* v. *Schrader,* 172 Misc. 246; *People* v. *Resciniti,* 191 Misc. 719; *People* v. *Wadsworth,* 200 Misc. 1049.)

Decision is reversed; order signed.