Hugh S. Coyle, J.
The appellant was convicted in the Police Justice’s Court of the Village of Bronxville of a violation of the ordinance of that village relating to speed of motor vehicles.
The defendant-appellant asserts many alleged errors in support of his petition for reversal of the conviction, among which are the following:
1. The People did not comply with section. 54 of the Vehicle and Traffic Law, in that no proof was offered as to the size of the lettering on the speed sign; nor was any evidence offered to prove the existence of a terminal sign, as required by said statute, indicating the end of the speed zone.
2. The trial court erred in taking judicial notice of the size of the lettering on the speed sign in question.
The general responsibility for the safety of our highways is placed upon the State Traffic Commission, which agency after investigation and study permits the establishment of speed zones wherein a speed differing from the general speed rate of the State is established.
Section 54 of the Vehicle and Traffic Law prescribes the powers, the exercise thereof and the manner of enforcement with emphasis on the notices required to be given to the traveler on the highway. In People v. Bordeleau (208 Misc. 64, 65-66) referring to section 54 of the Vehicle and Traffic Law, the court said:
‘1 This section by its terms, limits the powers of local authorities to regulate traffic generally to the powers given by the section itself, and provisions are made therein for the manner in which those powers must be exercised. In the case of speed, the section is specific not only as to the ordinances, rules and regulations which may be passed, but also as to the manner in which they may be enforced, and the notice which must be given to the traveling public by means of signs.
“ The size, type lettering and location of signs which must be erected is specifically set forth, as well as the requirements that not only the beginning, but also the end of the speed zone shall be plainly indicated.”
In order to support a conviction of an alleged offender under a * ‘ speed ordinance ’ ’, strict compliance with all of the requirements of section 54 of the Vehicle and Traffic Law must be had. In People v. Wadsworth (200 Misc. 1049, 1052) the court said: 1 ‘ Strict compliance with the statute in respect to the placement of signs is a necessary condition for the establishment by a city or village of a speed zone different than that of the general speed zone of the State. (People v. Schrader, 172 Misc. 246; People v. Resciniti, 191 Misc. 719; People v. Hirshon, 43 N. Y. S. *173 2d 764.) Since, therefore, it affirmatively appears that there was no compliance with the requirements of law which prescribes the erection of an end of speed zone sign, the ordinance is unenforcible and the conviction of the defendant is improper.”
In the case at bar satisfactory proof was elicited as to the erection of a single sign stating the speed limit. Proof was also introduced as to the size of the sign, its location, and its height, all in compliance with the statute. However, no evidence appears in the record as to the size of the lettering on the sign. The record likewise is devoid of any proof as to the existence of a terminal sign as required by the statute.
The trial court took judicial notice of the existence of a sign and of its conformity with the statute in all respects. This court is of the opinion that these matters were beyond the power of the court below to notice judicially to bolster or complete a case which lacked essential proof to support a conviction. In City of Buffalo v. Beck (205 Misc. 757, 758-759) the court said: “ The taking of judicial notice complained of by the appellant was not proper and the court below erred in so doing. The court failed to consider well-recognized rules which permit a trier of the facts to take judicial notice of what otherwise would require proof. The essence of judicial notice is that the trier of the facts, whether he be judge or juror, will assume as true for the purpose of the case before him, certain facts without requiring proof thereof (People v. French Bottling Works, 259 N. Y. 4, 7). The fundamental justification for this legal phenomenon is that the trier of the facts possesses in common with the public knowledge of facts of common occurrences and notoriety.”
The record here indicates fatal defects in proof requiring reversal of the judgment of conviction below.
Judgment of conviction is reversed and fine remitted.
Submit order.