Charles A. Loretto, J.
Relator has sued out a writ of habeas corpus. On the argument, with the consent of the People, the relator was released on his own recognizance pending the deter- • ruination of his application. He was directed to return to court on the date the court would render its decision. Relator returned to court to deliver himself into custody on that date.
He was released on his own recognizance for two reasons: (1) to allow the court time to consider and determine this application unhurriedly, and (2) to reduce any claim for damages that the relator might later assert against the City of New York in the event the writ were sustained. Although this matter was argued several months past, only recently were the minutes of the trial submitted to the court for consideration.
*399 By an information filed against him, relator was charged with having failed to properly register the ownership of a certain tenement building and also with having failed to cure a number of building violations filed against the said building, in violation of the. Multiple Dwelling Code and laws. He challenged the jurisdiction of the Magistrate’s Court, demurred to the charges, upon which a ‘ ‘ not guilty ’ ’ plea was entered and vigorously contested the charges. He protested that he should not have been named a defendant, asserting that he acted merely as attorney for the corporate owner. The question before the Magistrate was whether the relator was acting merely as attorney or in fact as agent for the owner. The statute makes the agent answerable.
After a trying trial during which the learned Magistrate exhibited much patience, courtesy and consideration, he found relator guilty on both counts and imposed a sentence of a fine in the sum of $500 or imprisonment for 30 days in the workhouse in the event the relator failed to pay said fine. Electing not to pay the fine, on a date agreed upon with the court, relator surrendered to begin his term of imprisonment.
Relator is an attorney and has submitted in his own behalf a brief setting forth at great length the origin, history and development of the ancient writ of habeas corpus. In his brief he presents several points.
The only point that this court believes has merit is that challenging the jurisdiction of the Magistrate’s Court, based on the claim that the information was not in fact sworn to by the affiant. It should be noted that the information is signed and bears a jurat, indicating that an oath was administered to the affiant. The record of the trial indicates that the Magistrate took testimony on this question. In form, content and execution, the information is sufficient on its face. The attack going behind its face as to whether the affiant actually swore to the information elicited the admission of the affiant that no oath was administered to him. The Magistrate overruled the relator’s challenge to the jurisdiction of the court based on this point. The record contains evidence which would justify a finding of guilt on the charges.
The count charging the relator with having failed to cure the building violations charged him with a misdemeanor. As to this charge, it was essential that the court have jurisdiction to enter a lawful sentence. The court has considered the authorities cited by the relator-, as well as others, on the question whether or not there was a jurisdictional defect in his trial and sentence. Notwithstanding what may have been stated in earlier cases, the *400 recent case of People v. Scott (3 N Y 2d 148) is authority for sustaining relator’s contention on this point. The majority opinion (pp. 152-153) by Froessel, J., states:
“ In the present case, therefore, the question is whether the absence of a verified information is a formal or a jurisdictional defect * * *
“ The requirement that a prosecution for misdemeanor be based upon a sworn information (unless, of course, made by a District Attorney) is an essential guarantee to a defendant of a fundamental right, namely, that he be not punished for a crime without a formal and sufficient accusation, and this right may not be waived by a plea of guilty (Albrecht v. United States, 273 U. S. 1, 8, supra; Weeks v. United States, 216 F. 292, 293, supra; People ex rel. Battista v. Christian, 249 N. Y. 314, 318). ‘ Forms and procedure still have their place and purpose in the administration of the law; without them we would have chaos ’ (People v. Zambounis, 251 N. Y. 94, 97).” (Italics supplied.)
The process here was valid on its face and deemed prima facie legal. Therefore the burden is upon the prisoner to establish a want of jurisdiction. At bar the relator has shown that he was tried upon an unsworn information. This Avas not an error, irregularity or defect that could have been remedied by the court.
‘ ‘ If there was no legal power to render the judgment or decree, or issue the process, there was no competent court, and consequently no judgment or process. All is coram non judice and void.” (People ex rel. Tweed v. Liscomb, 60 N. Y. 559, 571.)
Relator had sued out a prior writ of habeas corpus, Avhich was dismissed Avith opinion on August 6, 1958 (14 Misc 2d 126). The opinion of the court indicates that it did not go into the merits of the contention here considered and that its dismissal of the writ was on other grounds.
In any event, it is generally recognized that the inflexible doctrine of res judicata does not apply to a writ of habeas corpus when the liberty of a person is involved. (People ex rel. Lawrence v. Brady, 56 N. Y. 182; Matter of Quinn, 2 App. Div. 103; Salinger v. Loisel, 265 U. S. 224, 231; 25 Am. Jur., Habeas Corpus, § 156; 39 C. J. S., Habeas Corpus, § 105.)
On a subsequent petition, ‘ ‘ the Aveight to be given to the prior refusal is to be determined according to a sound judicial discretion guided and controlled by a consideration of whatever has a rational bearing on the subject.” (Wong Doo v. United States, 265 U. S. 239, 240.)
Currently .there is a public outcry and clamor against persons found guilty of or merely charged with violations of the Housing and Building Code. It is due to a strong and laudable resent *401 ment and indignation against persons who collect rent and cause families to live in substandard, if not inhuman, conditions. ‘ ‘ The law is no respecter of persons, and suffers no man, be he guilty or innocent, to be deprived of his liberty, except ‘ by due process of law;’ and the writ of habeas corpus is as available, even to the guilty, and he whom the popular voice would condemn, as it has proved against commitments by the king in council ” (People ex rel. Tweed v. Liscomb, supra, p. 569).
All other points raised by the relator are overruled.
Accordingly the writ is sustained and the relator is discharged.