Louis G. Bruhn, J.
This is an appeal from a conviction for a violation of subdivision (a) of section 1174 of the Vehicle and Traffic Law of the State of New York [overtaking and passing school bus], rendered (Aug. 6, 1959) by the Honorable Warren McDowell, Justice of the Peace of the Town of Gardiner, sitting as a Court of Special Sessions after a trial without a jury.
The case had been transferred to said Justice by this court following an application pursuant to section 702-a of the Code of Criminal Procedure.
The appellant predicates her relief on two grounds.
In the first place, she claims that to sustain a conviction for a violation of the section in question the People must prove strict compliance with subdivision 20 of section 15 of the Vehicle and Traffic Law [school bus equipment].
This court cannot agree that such quantum of proof is now necessary for a conviction.
The question of whether or not strict compliance was a necessary requisite most frequently arose in cases involving interpretations of section 54 of the Vehicle and Traffic Law.
It is quite true that the rule of strict compliance had been invoked for a long time in such cases. (People v. Wadsworth, 200 Misc. 1049; People v. Longo, 9 Misc 2d 171.)
There appears little question that now the rule of strict compliance has yielded to one of substantial compliance.
In the case of People v. Burmann (307 N. Y. 871, 872) the defendant unsuccessfully argued 1‘ that the placing of a sign on Franklin Avenue about 500 feet within the village limits instead of on the boundary fine, as provided in section 54 of the Vehicle and Traffic Law, prohibited enforcement of the village ordinance limiting speed.”
Still more recently in the case of People v. Lathrop (3 N Y 2d 551, 553) the Court of Appeals stated: “There is ample evidence in the record to establish that section 54 of the Vehicle and Traffic Law was substantially complied with by the placement of speed signs in such a manner and at such locations as to afford this defendant fair notice of the limits of speed within the village (see People v. Burmann, 307 N. Y. 871).” (Emphasis supplied.)
*36 The appellant places almost complete reliance to sustain her position on the case of People v. Belfer (141 N. Y. S. 2d 124) which reversed a conviction reported in 133 N. Y. S. 2d 179 for a violation of section 81 (subd. 24) now covered by section 1174.
She argues that the Burmann and Lathrop cases (supra) should be limited in their applications to violations of section 54 and not to violations involving section 1174 of the Vehicle and Traffic Law.
Such argument quickly dissipates since the court in the Belfer case (supra) predicated its holding of compliance on the basis of People v. Resciniti (191 Misc. 719); People v. Wadsworth (200 Misc. 1049, supra); People v. Schrader (172 Misc. 246) and People v. Hirshon (43 N. Y. S. 2d 764), all of which involved violations of section 54.
Obviously, the Belfer case, in predicating its determination on the basis of cases involving section 54 violations, itself did not make the distinction urged by the appellant, but, on the contrary, did the exact opposite and, therefore, should no longer be recognized as any authority whatever in view of the Burmann and Lathrop cases (supra).
Incidentally, in the Hirshon case (supra, pp. 767-768) the court stated: “ and it is here contended, and apparently conceded from the proof, that, due to the fact that the signs could not all be placed exactly upon the boundary line of the City, one or more of them were placed at a distance or distances of approximately twenty feet therefrom. It is not contended that the signs ivould, in any way, fail to apprise the approaching motorist of the fact that he was entering the City and of the speed limit fixed by the City Ordinance. The fact that one or more of them were placed, not exactly upon the boundary line but only a few feet therefrom, does not, therefore, effect the purpose and intent of the statute. Surely, such a slight variation should not be held to void the ordinance. Indeed, as the Trial Court said, engineering exactness cannot have been intended by the Legislature to be required.” (Emphasis supplied.)
The ridiculousness of a contention for strict compliance in section 1174 of the Vehicle and Traffic Law violations can best be portrayed by the suggestion that no conviction should follow in a case where a vehicle passes a school bus that strictly complies with the statutory requirements, viewed from the direction the passing vehicle is proceeding, but fails to strictly comply with the statutory requirements viewed from the opposite direction.
*37 Therefore, in view of the foregoing, it is this court’s considered conviction that the rule of substantial compliance should prevail in this type of violation.
In the second place, the appellant contends that the People failed to prove the guilt of the defendant beyond a reasonable doubt.
In support of such contention argument is made that no part of the appellant’s vehicle had passed the front of the school bus.
Such contention, likewise, has little merits since section 1174 mandates the driver of a vehicle to “ stop the vehicle before reaching such school bus ” and not before passing it.
After a review of the entire record and in obedience to the provisions of section 764 of the Code of Criminal Procedure, this court is of the opinion that the verdict and sentence should not be disturbed.
Therefore, the judgment and sentence of the court is affirmed. Submit order.