THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v DORIS I. CLARK, Defendant.

Justice Court of Town of Arcadia, Wayne County, September 12, 1988

### APPEARANCES OF COUNSEL

*Robert A. DiNieri* for defendant. *Stephen R. Sirkin, District Attorney (Richard M. Healy* of counsel), for plaintiff.

### OPINION OF THE COURT

FRANKLIN T. RUSSELL, J.

Defendant, Doris I. Clark, is accused upon a simplified traffic information of a violation of section 1174 (a) of the New York State Vehicle and Traffic Law, the alleged violation occurring on June 2, 1988, in the Town of Arcadia, County of Wayne.

At the outset of the trial, counsel for defendant served a notice of motion upon the court, a copy having previously

been served upon the People, seeking to dismiss the simplified traffic information in that no supporting deposition was served upon counsel for defendant as required by CPL 100.25. The court reserved decision upon the motion, which the court will now address.

The facts are undisputed that defendant appeared in the Town of Arcadia court on June 16, 1988, pursuant to the aforementioned simplified traffic information. At the time of defendant's appearance, defendant, amongst other things, was advised of her right to counsel and to have a supporting deposition. Defendant declined both and advised the court that she was not guilty of the offense charged. Thereupon, the court adjourned the matter for three weeks in order to give defendant the opportunity to reflect upon her rights. On its own initiative, the court requested a supporting deposition in order to determine if reasonable cause existed to proceed with a trial (the court recognizing the age of the defendant and being concerned that she had elected not to be represented by counsel).

When defendant returned on the adjourned date, July 7, 1988, defendant indicated no change in what had transpired before the court at her previous appearance and a trial date was established. By letter dated July 27, 1988 to the court from defendant's counsel, and by a telephone conversation between defendant's counsel and the court about that same date, defendant's counsel requested an adjournment of the trial as he would be unavailable on the August 8th date. Neither in counsel's letter, nor during the telephone conversation, did counsel request the supporting deposition and it was not until the day before the hearing that counsel contacted the court clerk and requested the supporting deposition be read to him over the telephone.

It is the position of defendant's counsel that there is an obligation to serve the supporting deposition upon the defendant or defendant's counsel when a supporting deposition is requested by the court, pursuant to CPL 100.25. I disagree. In part, CPL 100.25 (2) sets forth: "A defendant * * * is, *upon a timely request,* entitled as a matter of right to have filed with the court and served upon him, or if he is represented by an attorney, upon his attorney, a supporting deposition * * * providing reasonable cause to believe that the defendant committed the offense or offenses charged. Such a request must be made before entry of a plea of guilty to the charge specified and before commencement of a trial thereon, but not

later than thirty days after (a) entry of the defendant's plea of not guilty when he has been arraigned in person * * *. *Upon such a request,* the court must order the complainant police officer or public servant to serve a copy of such supporting deposition upon the defendant or his attorney, within thirty days of the date such request is received by the court or at least five days before trial, whichever is earlier" (emphasis added).

At no time within the 30-day period following defendant's arraignment on June 16, 1988 did defendant or her counsel ever request a supporting deposition. Subdivision (2) of CPL 100.25 is clear that defendant and/or her counsel is entitled as a matter of right to a supporting deposition *upon a timely request.* In support of defendant's position, defendant cites *People v Key* (45 NY2d 111). Reliance upon *People v Key,* in this instance, is erroneous. That case addressed, amongst other things, the issue of whether a supporting deposition provided reasonable cause to believe defendant committed the offense charged. Further, the case held that "[t]he People's tender of such a deposition voluntarily, rather than waiting for defendant's request, should not obviate the need for the deposition to provide reasonable cause." (45 NY2d, *supra,* at 116.) In the instant case, defendant has not raised the issue of the sufficiency of the supporting deposition nor do the facts indicate that the People ever requested the same.

For the foregoing reasons, defendant's motion for dismissal based upon the provisions of CPL 100.25 is denied.

At the conclusion of the People's case, defendant moved to dismiss, in addition to the prior motion, for the insufficiency of the proof in that there was no proof that the highway upon which the alleged offense occurred was within the jurisdiction of this court and upon the additional grounds that the People did not prove that the school bus was marked and equipped as provided in section 375 (20) of the Vehicle and Traffic Law. In support of defendant's motion, defendant cites *People v Quarantillo* (61 NY2d 992, 994), which holds that the People must prove each and every element of the offense charged. *Quarantillo (supra)* would appear to be supported by defendant's additional citation of *People v Cuskey* (44 Misc 2d 436). However, the court must consider the question of to what degree there must be compliance with section 375 (20). This court cannot agree that anything more than substantial compliance is appropriate *(People v Geiselmann,* 26 Misc 2d 34), lest it be suggested that no conviction would ever be sustained where a

vehicle passes a stopped school bus. Clearly, the Legislature could not have intended to enact a statute, and substantially increase the penalty for violation thereof in 1986, and for which points were increased in 1988, to which few, if any, convictions would occur. The court is well aware of the strict standards imposed upon the operators of school buses, as is evidenced by the required semiannual inspections conducted by the New York State Department of Transportation.

Therefore, in view of the foregoing, it is this court's considered conviction that the rule of substantial compliance would prevail in this type of violation. The question remains, was there substantial compliance in the proof presented by the People?

The court has reviewed the transcript of the trial and finds that, while there is testimony relating to the color, lights and markings, there is not sufficient compliance with subdivision (20) of section 375 of the Vehicle and Traffic Law. Additionally, no witness ever testified that the school bus was stopped at the time the defendant is accused of having overtaken it. The District Attorney asked a question concerning the activation of the red lights "at the time that that vehicle passed your stopped school bus", and the witness responded "I have an indicator light on my dashboard, that was blinking, to let me know they were working." This court is unwilling to accept that response as meeting the proof requirement that the school bus be stopped.

Therefore, the motion of the defendant is granted. The charge is dismissed.