OPINION OF THE COURT
Thomas F. Liotti, J.
The defendant has appeared pro se. He is charged with three vehicle and traffic violations, to wit: Vehicle and Traffic Law § 319 (3), failure to produce insurance; § 507 (2), failure to produce a license; and § 1172 (a), failure to stop for a stop sign. These charges were initiated by simplified traffic informations. *320 Simplified traffic informations are ticket forms that are filled out and given to motorists who are accused of certain violations or misdemeanors. Simplified traffic informations usually contain a police officer’s name, shield number and precinct, but do not contain supporting depositions by the officers issuing the tickets. A supporting deposition is a statement made by a witness under oath. (See, People v Bertram, 302 NY 526 [1951].) Supporting depositions contain factual allegations and these allegations can be used as evidence. (CPL 100.20.) Supporting depositions demanded as a result of the use of simplified traffic informations are governed by CPL 100.25 (2). If entitled to a deposition, the defendant who makes a timely request for one must receive one by law. (People v Smith, 163 Misc 2d 353 [Just Ct 1994].) If the defendant does not make a timely request for a supporting deposition, his right to receive one will be denied. (People v Clark, 142 Misc 2d 544 [Just Ct 1988].) For a discussion of when the People have an obligation to furnish a supporting deposition, see People v Perry (87 NY2d 353 [1996]).
The defendant apparently lost his copies of the tickets. When he reported their loss, our Village Court Clerk’s office gave him a form to fill out. A similar form is apparently being used by other villages. He completed the form, signed it and returned it to the Village Court Clerk’s office in September 1997. This Judge did not see the form or know of its existence until June 17, 1999. Upon discovery of the request form mentioned above, this court took the opportunity to examine the form and the ramifications of using such a form. The analysis that follows examines the legality of using these types of forms and the use of such forms in practice.
The form improperly requests information from the defendant. For example, a question on the form reads: “If you pled not guilty, do you request a supporting deposition?”
In all likelihood, few pro se defendants understand what a supporting deposition is or its relationship to the defense of a case. While a supporting deposition often does not provide more information than what is contained in a charging instrument, there are times when it offers more detail. In addition, it is made under oath thus facilitating its introduction into evidence and use as a prior inconsistent statement. The filing of a false statement may be punishable as a misdemeanor. (See, Penal Law § 210.45; People v Coldiron, 77 Misc 2d 102 [1974].) Most of the accused who appear in this court do so pro se. Instead of leaving it to chance or giving them just to those who *321 make the request, the better practice would be to give supporting depositions to all defendants together with a brief legal explanation of a supporting deposition. Eventually, in order to insure fairness in criminal justice proceedings, we will get to that point together with the recording of alleged confessions on audio or video. (See also, Hoffman, Police Tactics Chipping Away at Suspects’ Rights, NY Times, Mar. 29, 1998, at 1, 40; Hoffman, Police Refine Methods So Potent Even The Innocent Have Confessed, NY Times, Mar. 30, 1998, at 1, B4.)
The form currently being used to request the aforementioned supporting depositions allows for gratuitous comments from the accused. There are no Miranda rights given and the ample spacing on the form allows for comments by the accused that may be used against him at a later time.
Perhaps more problematical is the following inquiry which is then followed by a signature line and date. Naturally, the writing and form may also provide a handwriting exemplar for law enforcement without advising the defendant of any potential adverse consequences in filling out the form or signing his name to it. “If you have pled NOT Guilty, you will be notified by mail of a court conference. Please give a brief explanation as to why you are pleading NOT Guilty.”
This form language is then followed by eight lines where the defendant may respond. The form is 8V2 inches by 11 inches. The defendant wrote: “These tickets was issued to the wrong person. I don’t own no BMW, I wasn’t issued these tickets on Jericho Trnpke.”
There is nothing in the law that requires a defendant to provide a “brief explanation as to why [he or she] is pleading NOT Guilty.” The People have the burden of proof, not the defendant. The defendant need not inform the court or the prosecution of his/her defense theory.
Miranda v Arizona (384 US 436 [1966]) and Boykin v Alabama (395 US 238 [1969]) both require that defendants be apprised of their privilege against self-incrimination before making statements to law enforcement or a court. Constitutional rights may only be waived with caution and voluntarily, knowingly and intelligently.
Accordingly, the court determines that this form is unlawful and deprives defendants of their constitutional rights. It may not be used, and any statements derived from it are hereby suppressed and stricken.